IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEVE A MORRIS, | : |
| Plaintiff, | : |
| VS. | : NO. 5:22-CV-00189-TES-CHW |
| COMMISSIONER TIMOTHY C WARD, *et al.*, | : |
| Defendants. | : |

# ORDER

Plaintiff Steve A. Morris, a prisoner currently incarcerated at the Wilcox State Prison in Abbeville, Georgia, has filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff's Complaint appears to raise claims concerning a wide variety of topics, including but not limited to damage to his vision, the COVID-19 pandemic, the mail service at the prison, and religious issues. *See generally* Compl., ECF No. 1. It is not entirely clear from the Complaint which claims Plaintiff intends to bring against which Defendants, and it is also unclear how each of the claims he has raised are logically related to one another. Accordingly, Plaintiff is **ORDERED** to recast his Complaint on one of the Court's standard § 1983 forms. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff that Plaintiff should use to comply with this Order.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the

present lawsuit. Plaintiff must then list each defendant again in the body of his recast complaint and tell the Court exactly how that individual violated his constitutional rights. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff will not be permitted join claims against multiple defendants in one action unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants." Fed. R. Civ. P. 20 (a)(2). A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1).** The Court will not look back to the factual allegations in any other documents Plaintiff has filed in this case to determine whether Plaintiff has stated a cognizable constitutional claim. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his recast complaint.

Plaintiff also failed to pay the Court's filing fee or file a proper motion to proceed without the prepayment of the filing fee. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his]

2

trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).  Without a motion and this account statement (or similar certified documentation from the prison), the Court does not have sufficient information to determine whether Plaintiff is entitled to proceed *in forma pauperis* or to calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915.  *See id.* (requiring the district court to assess an initial partial filing fee when funds are available).

Accordingly, Plaintiff is **DIRECTED** to submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement.  The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of the above-captioned action.  Plaintiff shall also have **FOURTEEN (14) DAYS** to submit this motion.

Finally, Plaintiff has moved for an evidentiary hearing in this case.  Once Plaintiff has recast his Complaint and either moved for leave to proceed *in forma pauperis* or paid the required filing fee, the Court will screen his Complaint pursuant to 28 U.S.C. § 1915A and/or § 1915(e) to determine whether Plaintiff's claims should be dismissed or whether they should proceed forward for further factual development.  The Court will issue an order concerning discovery in the event any of Plaintiff's claims survive this preliminary screening.  Plaintiff's pending motion for an evidentiary hearing (ECF No. 3) is therefore premature and **DENIED** as such.

In summary, Plaintiff's motion for an evidentiary hearing (ECF No. 3) is **DENIED**, and Plaintiff shall have **FOURTEEN (14) DAYS** to (1) recast his Complaint on the Court's standard form and (2) either pay the Court's filing fee or submit a complete and proper motion for leave to proceed *in forma pauperis*. Plaintiff is further **DIRECTED** to notify the Court of any change of address. **Plaintiff's failure to fully and timely comply with this Order may result in the immediate dismissal of this action.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 23rd day of June, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge